IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TAMMY GUNNIN AND DAN AND DIANA MUELLER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) | |
| CRIMSON HOLDINGS, LLC, | ) ) | CLASS ACTION COMPLAINT |
| Defendant. | ) ) ) ) ) ) | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, TAMMY GUNNIN AND DAN AND DIANA MUELLER, by and through the undersigned counsel, on behalf of themselves and all others similarly situated, and for cause of action against the Defendant, respectfully allege and state as follows:

**INTRODUCTION**

1.  Plaintiffs bring this class action against Crimson Holdings, LLC ("Defendant") for the operation of its Facility located at 1336 East Maumee St, Adrian, MI (the "Facility"). Defendant releases noxious odors onto the Plaintiffs' properties due to the Facility's construction, operation, and maintenance, causing damages through nuisance and negligence.

**THE PARTIES**

2.  Plaintiffs, Dan and Diana Mueller, reside and at all relative times have resided at 1107 E Maple Av, City of Adrian, County of Lenawee, State of Michigan.

1

3. Plaintiff, Tammy Gunnin, does reside and at all relative times has resided at 614 E Maumee, City of Adrian, County of Lenawee, State of Michigan.

4. Defendant and its agents have at all times relevant hereto, constructed, owned, operated and maintained the Facility, located at 1336 East Maumee St, in the City of Adrian, County of Lenawee, State of Michigan.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1332(d)(2)(a). Jurisdiction is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims took place in this District, and because much of the property that is the subject of this action is situated in this District.

6. Plaintiffs are citizens of Michigan, and Defendant is incorporated in Iowa, and its principal address is located in Iowa.

7. Jurisdiction is proper in this Court pursuant to CAFA.

8. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

9. It is Plaintiff's informed belief that Defendant purchased the Facility on or about December 2021. Shortly after the purchase of the Facility, Defendant switched its production from powdered milk to powdered eggs.

10. On frequent, recurrent, and intermittent occasions, Plaintiff's property, including the Plaintiffs' neighborhoods, residences, and yards, have been, and continue to be, physically invaded by noxious odors emitted from Defendant's Facility.

11. Defendant's Facility operates 24 hours a day, seven days a week.

12. Odors are created by the nature of the egg drying process. The Facility's dryer exhausts through the stack in the roof.

13. Defendant has failed to employ adequate odor mitigation strategies to prevent the odors generated at its Facility from traveling offsite. This includes, without limitation:

   a. Defendant has failed to install, maintain, and operate the Facility dryer system that is adequate to capture the odors generated at its Facility;

   b. Defendant has failed to utilize adequate odor reduction practices in the receipt, and processing the eggs; and

   c. Defendant has failed to utilize adequate operational practices to minimize and/or treat odors generated at its Facility.

14. Residents of over 60 households have already communicated with the Plaintiffs' counsel regarding the impact Defendant's odors have had on their lives and their ability to use their homes.

15. The invasion of the Plaintiffs' properties by noxious odors has caused the Plaintiffs, and the Class he represents, substantial harm. Multiple residents have described the odors as rotten eggs that are so noxious as to interfere with the use of their property. Over 400

16. The State of Michigan Department of Environment, Great Lakes and Energy ("EGLE") issued Crimson Holding, LLC Notices of Violations for foul odors violating Rule.

336.1901(b) on April 7, 2022, May 26, 2022, July 21, 2022, November 1, 2022, March 28, 2023, and April 7, 2023.

17. A facility similar to Defendant's that is properly operated, maintained, and/or constructed will not emit noxious odors into the surrounding residential areas.

18. Plaintiff and the Class are a limited subset of individuals in the Class Area that includes only owners/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

19. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, minors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Defendant's into public spaces; however, unlike Plaintiff and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

20. Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to properly maintain, operate, and/or construct the Facility, and caused the invasion of Plaintiff's property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

21. Defendant is vicariously liable for all damages suffered by Plaintiff caused by Defendant's employees, representatives, and agents, who, during the course and scope of their employment, created, allowed, or failed to correct the problem(s) which caused noxious odors to physically invade Plaintiff's property.

## CLASS ALLEGATIONS

22. The Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

### A. Definition of the Class

23. Plaintiff brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class of persons preliminarily defined as:

> **Any and all individuals who owned or occupied residential property within 3 miles of Defendant's property boundary.**

The proposed class boundary is subject to modification as discovery progresses. Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

24. This case is properly maintainable as a class action pursuant to and in accordance with Fed. R. Civ. P. 23 in that:

   a. The class, which includes thousands of members, is so numerous that the joinder of all members is impracticable;

   b. There are substantial questions of law and fact common to the class, including those set forth in greater particularity herein;

   c. The claims of the representative parties are typical of the claims of the class;

   d. Questions of law and fact such as those enumerated herein, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

    e.  A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

    f.  The relief sought in this class action will effectively and efficiently provide relief to all members of the class;

    g.  There are no unusual difficulties foreseen in the management of this class action; and

    h.  Plaintiff, whose claims are typical of those of the Class, through his experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

25.    Based on the Census Bureau's American Community Survey 5-year period estimates data for 2017-2021, there are in excess of 11,000 households within 3 miles of the Facility. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

**C. Commonality**

26.    Defendant has engaged in a uniform and common course of misconduct towards members of the Class, giving rise to questions of both law and fact common to all Class members, including but not limited to:

    a.  Whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to maintain, operate, and/or construct the Facility;

    b.  Whether Defendant owed any duties to Plaintiff;

    c.  Which duties Defendant owed to Plaintiff;

    d. Which steps Defendant has and has not taken in order to control its emissions through the maintenance and/or operation of its Facility;

    e. Whether and to what extent the Facility's emissions were dispersed over the class area;

    f. Whether it was reasonably foreseeable that Defendant's failure to properly maintain, operate, and/or construct the Facility would result in an invasion of Plaintiff's property interests;

    g. Whether the degree of harm suffered by Plaintiff and the class constitutes a substantial annoyance or interference with their use and enjoyment of their property; and

    h. The proper measure of damages incurred by Plaintiff and the Class.

27. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

28. Notice can be provided to members of the Class by U.S. Mail and/or publication.

**D. Typicality**

29. The claims of the named Plaintiff are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence, including expert testimony, rely upon the same legal theories, and seek the same type of relief.

30. The claims of Plaintiff and the other Class members have a common cause, and their damages are of the same type. The claims originate from the same failure of Defendant to properly maintain, operate, and/or construct the Facility.

31. All Class members have suffered an injury, in fact, because of the invasion of their properties by noxious odors emitted by Defendant. The noxious odors emitted by Defendant interferes with their ability to use and enjoy their homes and has impacted property values.

**E. Adequacy of Representation**

32. Plaintiff's claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiff as representative of the Class. Plaintiff will fairly and adequately represent the interests of the Class and does not have interests adverse to the Class.

33. Plaintiff has retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by noxious emissions. Plaintiff's counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiff and all absent Class members.

**F. Class Treatment Is The Superior Method of Adjudication**

34. A class action is superior to other methods of litigation and will provide a fair and efficient method for adjudication of the controversy because:

    a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

    b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

    c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

    d. The proposed class action is manageable.

## CAUSE OF ACTION I
### NUISANCE

35. The Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

36. The noxious odors, which entered the Plaintiffs' properties, originated from the landfill maintained and operated by Defendant.

37. The noxious odors invading the Plaintiffs' properties are indecent and offensive to people with ordinary health and sensibilities and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

38. Defendant owed and continues to owe a duty to Plaintiffs to prevent and abate the unreasonable interference and invasion of the private interests of Plaintiffs and the class.

39. Defendant owed and continues to owe a duty to the public to prevent and abate the unreasonable fugitive emissions of noxious odors and gases from its premises.

40. By constructing and then failing to reasonably operate, repair, and maintain its landfill, Defendant has wrongfully, negligently, and knowingly caused an unreasonable invasion of Plaintiff's interest in the use and enjoyment of his property.

41. The nuisance is ongoing.

42. As a foreseeable, direct, and proximate result of the foregoing conduct and emissions of Defendant, Plaintiffs suffered damages to their properties as alleged herein.

43. The Plaintiffs suffered harm relating to the use and enjoyment of their lands and properties, and decreased property values.

44. Defendant's noxious emissions have caused harm to the public.

45. The injuries to the Plaintiffs' properties, and the Plaintiffs' rights therein, are separate and in addition to any harm caused by Defendant to the public at-large and/or other private individuals not within the class description.

46. The Plaintiffs did not consent to the invasion of his property by noxious odors.

47. By causing noxious odors produced and controlled by Defendant to physically invade the Plaintiffs' lands and properties, Defendant negligently, knowingly, intentionally, and recklessly, created a nuisance which substantially and unreasonably interfered with the Plaintiffs' use and enjoyment of their properties.

48. Any social utility that is provided by the Facility is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

49. Defendant's substantial and unreasonable interference with the Plaintiffs' use and enjoyment of their properties constitutes a nuisance for which Defendant is liable to the Plaintiffs for all damages arising from such nuisance, including compensatory and injunctive relief.

## CAUSES OF ACTION II AND III
## NEGLIGENCE AND GROSS NEGLIGENCE

50. The Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

51. Defendant owed and continues to owe a duty to the Plaintiffs to operate and maintain the Facility in a reasonable manner and to take reasonable steps to prevent and abate the emission of noxious gases and odors from the Facility.

52. Defendant breached its duty by negligently and improperly maintaining and operating the Facility, such that it has caused the invasion of noxious odors into Plaintiffs' homes, lands, and properties on occasions too numerous to mention.

53. As a direct and proximate result of Defendant's negligence and gross negligence in maintaining and operating the Facility, the Plaintiffs' properties, on occasions too numerous to mention, have been invaded by noxious odors.

54. As a further direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered damages to their properties as alleged herein.

55. The invasion and subsequent damage suffered by the Plaintiffs were reasonably foreseeable by Defendant.

56. By failing to maintain and operate the Facility properly, Defendant failed to exercise the duty of ordinary care and diligence, which it owes to the Plaintiffs, so noxious odors would not invade the Plaintiffs' properties.

57. A properly operated and maintained Facility will not emit noxious odors into neighboring residential areas.

58. By failing to maintain and operate the Facility, Defendant negligently, knowingly, intentionally, and recklessly caused the invasion of the Plaintiffs' properties by noxious odors.

59.     Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and operated the Facility and knew, or should have known, upon reasonable inspection, that such actions would cause the Plaintiffs' properties to be invaded by noxious odors.

60.     As a direct and proximate result of the failure of Defendant to exercise ordinary care, the Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

61.     The conduct of Defendant in knowingly and recklessly allowing conditions to exist which caused noxious odors to physically invade the Plaintiffs' properties constitutes gross negligence.

62.     Defendant's gross negligence was knowing, intentional, and made with a conscious indifference to the harm caused to the Plaintiffs' properties, which entitles the Plaintiffs to an award of compensatory, punitive, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, pray for judgment as follows:

A.      Certification of the proposed Class by order pursuant to Fed. R. Civ. P. 23;

B.      Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C.      Judgment in favor of Plaintiffs and the Class Members and against Defendant;

D.      An award, to Plaintiffs and the Class, of compensatory and exemplary damages and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.  An Order holding that entrance of the aforementioned noxious odors upon the Plaintiffs' properties constituted a nuisance;

F.  An award to Plaintiff and the Class Members of injunctive relief not inconsistent with Defendant's state and federal regulatory obligations; and

G.  Such further relief both general and specific as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

Respectfully submitted,
**DUBIN LAW, PLLC**

By: */s/ David R. Dubin*
DAVID R. DUBIN
2723 S. State St, Suite 150
Ann Arbor, MI 48104
(734) 821-9279

Dated: June 12, 2023

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on June 12, 2023.

By: /s/David R Dubin

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Lenawee

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TAMMY GUNNIN, on behalf of herself and all others similarly situated

### DEFENDANTS
Crimson Holdings, LLC

**(b)** County of Residence of First Listed Plaintiff: Lenawee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lenawee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dubin Law, PLLC
2723 S State Street, Suite 150, Ann Arbor, MI 48104
(734) 821-9279

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 790 Other Labor Litigation | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
|  |  | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| [X] 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(d)(2)(a)

Brief description of cause:
nuisance to land

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE**
June 12, 2023

**SIGNATURE OF ATTORNEY OF RECORD**
*/s/ [signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :